David R. Jordan, Ariz. Bar No. 013891
***The Law Offices of David R. Jordan, P.C.***
1995 State Road 602
PO Box 840
Gallup, NM 87305-0840
(505) 863-2205
Fax: (866) 604-5709
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Keithetta Begay-Curley,<br><br>     Plaintiff,<br><br>vs.<br><br>Xavier Becerra, Secretary, U.S. Dept. of Health and Human Svcs.,<br><br>     Defendant. | No. _____<br><br>**COMPLAINT** |

Plaintiff alleges:

1. This action arises under the Americans With Disabilities Act (42 U.S.C. § 12101, et seq.). This Court is vested with jurisdiction pursuant to 42 U.S. Code § 12117(a) of the United States Code.

2. Plaintiff was employed by Defendant in Chinle, Arizona.

3. Plaintiff was the victim of discrimination against her with respect to her compensation, terms, conditions, or privileges of employment because of her disability. This constitutes an unlawful act pursuant to the Americans with Disabilities Act, 42 U.S. Code § 12112(a).

1

4. These charges were presented to the EEOC. The EEOC fully adjudicated these claims, and Plaintiff now has the right to bring them in federal court. Plaintiff has the right to sue pursuant to 42 U.S. Code § 12117(a) of the United States Code.

5. Plaintiff was employed by Defendant from on or about September 2016, until approximately October 1, 2018, as a nurse.

6. Plaintiff alleges that she was discriminated against on the basis of disability (physical) and subjected to harassment (non-sexual) and a hostile work environment due to the following events.

7. Plaintiff has a disability as that term is defined in the Americans With Disabilities Act.

8. On June 19, 2018, Ms. Bertha Clem, Nurse Supervisor, ceased Plaintiff's nursing duties falsely alleging that this was due to patient safety.

9. On June 15, 2018, a patient fainted in the room after Plaintiff gave an injection where she responded according to the American Pediatric guidelines.

10. Plaintiff's supervisor, Bertha Clem, suspended Plaintiff's nursing duties.

11. Ms. Clem reacted to a complaint from the parent of the patient. She alleged, falsely, that Plaintiff was slow at responding to the patient because of her disability, which was entered in a Webcident report.

12. Bertha Clem treats Plaintiff differently and forced Plaintiff to provide reasonable accommodation statements from her provider. Ms. Clem used this tactic in an effort to try to remove Plaintiff through the reasonable accommodation process.

13. Plaintiff was cleared for full duty on June 23, 2018, by her provider.

14. Nevertheless, Bertha Clem would not allow Plaintiff to perform her regular nursing duties due to her animus against disabled persons.

15. Further, on June 28, 2018, during a staff meeting, in front of everyone, Ms. Clem stated, "Because of what happened when the patient fainted, we are going to make some changes to the policy for giving injections to patients who are standing." The statement clearly targeted Plaintiff.

16. Bertha Clem brought up another Web-cident entered by the Safety Officer about her walker being left outside of the screening room.

17. Plaintiff leaves her walker outside the exam room because the room is small. There are other things in the hallway like baby strollers during screening because of the room being small but those do not get written up in Web-cidents.

18. Charlene West, Chief Nurse Executive, and Kaye Tsosie, Safety Officer, attended a meeting to discuss this issue. Ms. West should have intervened to stop the harassment.

19. Bertha Clem makes comments about Plaintiff's health condition such as "because of your leg, knee, and memory, you cannot do your job". These statements were made even though Plaintiff was cleared for full duty.

20. On August 30, 2018, Complainant received a Proposal to Remove Memorandum from Bertha Clem, citing failure to follow vaccine storage procedures, failure to assist a patient in a timely manner and conduct unbecoming a Federal

3

employee.

21. Bertha Clem did not have just cause for these allegations, but rather was reacting from a place of animus toward disabled persons.

22. On October 1, 2018, Complainant was notified of the agency's decision that she was being removed from her position and the Federal Service effective close of business on October 1, 2018, for failure to follow vaccine storage procedures, failure to assist a patient in a timely manner and conduct unbecoming a Federal employee.

23. Plaintiff has been damaged by these violations of the A.D.A. The damages include financial losses due to her termination and emotional harm damages.

24. Plaintiff demands recovery of all damages described herein, plus court costs and such other relief as the court deems appropriate.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. Damages in an amount to be determined by the Court;

B. Court costs and attorneys' fees; and

C. Such other relief as the Court deems just and proper.

*The Law Offices of David R. Jordan, P.C.*

*/s/ David R. Jordan*
David R. Jordan
1995 State Road 602
PO Box 840
Gallup, New Mexico 87305
Attorney for Plaintiff